GOODWIN, Administrator, and others, Respondents, vs.
BODE, Executrix, and others, Appellants.

*January 14—May 9, 1922.*

*Corporations: Liquidation: Sale of assets to non-licensed foreign
corporation: Who may question: Failure to move promptly:
Appeal: No brief or case.*

1. An order must be affirmed as to one whose appeal therefrom
   is not brought up by any case or brief.
2. The executrix of a person whose claim against a corporation
   was disallowed by the trial court and the judgment affirmed
   on appeal has no interest in motions to set aside the sale of
   the assets of the corporation ordered to be sold by the court
   or in an order for distribution to stockholders.
3. A sale of the assets of an insolvent corporation to a foreign
   corporation, which paid the entire purchase price, took pos-
   session of the property, and carried on the business, and an
   order directing distribution of the dividends to stockholders,
   will not be set aside because such foreign corporation was
   not licensed to do business in the state, as required by secs.
   1770*b*, 1770*d*, Stats., at the time of the sale, where no objec-
   tion was made thereto on such ground for over five months
   after the deed and bill of sale were delivered, and no motion
   was made to set aside the sale until after the receiver of
   the corporation had paid large sums to creditors and stock-
   holders as directed by the court, it being impossible for the
   receiver to restore the sums paid by the purchaser.
4. In determining whether an appellant moved promptly to set
   aside the sale when he discovered that the purchasing cor-
   poration was not licensed to do business in the state, the
   court may consider his conduct toward the company which
   brought on the disaster, it being but fair to others that he
   should be vigilant in the assertion of his strict legal rights.

APPEAL from two orders of the circuit court for Mil-
waukee county: MARTIN L. LUECK, Judge. *Affirmed.*

For the appellant *Bode,* executrix, there were briefs by
*Otjen & Otjen* of Milwaukee, and oral argument by *Henry
H. Otjen.*

*Alfred von Cotzhausen* of Milwaukee, *in pro. per.*

For the respondent *John* as receiver of the Milwaukee

Lithographing Company there was a brief by *Edgar L. Wood* of Milwaukee.

On behalf of the *Edwards & Deutsch Lithographing Company* there was a brief by *N. L. Baker* and *W. J. Zimmers,* both of Milwaukee, and oral argument by *Mr. Baker.*

A brief was also filed by *Arthur J. Pellette* and *Glicksman, Gold & Corrigan,* all of Milwaukee, attorneys for the respondent *Goodwin* as administrator; by *Austin, Fehr, Mueller & Gehrz* of Milwaukee, attorneys for the respondent *Brosius* as executor; by *Schmitz, Wild & Gross* of Milwaukee, attorneys for the respondents *Clara Mueller, Laura von Cotzhausen,* and *Louis von Cotzhausen;* and by *Arthur Breslauer* of Milwaukee, attorney for the respondent *Goetz;* and the cause was argued orally by *Robert Wild.* .

JONES, J. This litigation was commenced in June, 1915, by certain minority stockholders to wind up the affairs of the Milwaukee Lithographing Company. A referee was appointed by the circuit court who found that the affairs of the company had been negligently and dishonestly handled to such an extent that it would be impossible to successfully carry on the business. He recommended that the assets be sold and that a judgment be entered against *von Cotzhausén* in the sum of $60,000 for money misappropriated, and $60,000 for general damages to the company because of mismanagement. The circuit court reduced the general damages $30,000 and affirmed the referee's report in all other particulars. On May 4, 1920, this court affirmed the judgment as modified, fixing the amount of damages in accordance with the findings of the referee. *Goodwin v. von Cotzhausen,* 171 Wis. 351, 177 N. W. 618.

Pursuant to the above decree the circuit court ordered that the assets of the Lithographing Company be sold at public auction, and on September 20, 1920, they were sold to the Edwards & Deutsch Lithographing Company, an Illinois corporation, which sale was confirmed by the court

on September 28, 1920. Thereafter, upon affidavits of Mathilde von Cotzhausen, who claimed to be a creditor of the Lithographing Company, *Bertha Bode,* executrix of the will of Friedericke Bode, who claimed to be a creditor of the Lithographing Company and the American Fine Art Company, and a pledgee of 250 shares of stock of the Lithographing Company, and *Alfred von Cotzhausen,* owner of 677 shares of stock of the Lithographing Company, the court ordered *August F. John* and the Edwards & Deutsch Lithographing Company to show cause why the sale should not be declared void and the title to the property to be in *August F. John* as receiver for the Lithographing Company. Upon hearing it was found, in substance, that at the time of the sale the Edwards Company had not secured a license to do business in Wisconsin. On May 19, 1921, it was ordered that a referee be reinstated to execute a new deed to the Edwards Company; it appearing that previously, on October 8, 1920, that corporation had secured a license to do business in this state. The above named petitioners appealed from the order dismissing their motions.

In June, 1921, upon motion of *H. W. Goodwin,* the court ordered that the receiver pay a seventy per cent. dividend out of the fund received from the Edwards Company to the stockholders of the Lithographing Company.

The appeals are from two orders; the first being an order refusing to set aside the sale, and the second an order directing distribution of the dividend to holders of stock in the Lithographing Company.

The appeal by Mathilde von Cotzhausen has not been brought before the court by any case or brief in her behalf and the order of the circuit court must be affirmed as to her. The claim for relief relied on by *Bertha Bode,* as executrix of the estate of Friedericke Bode, depended upon a claim asserted by Mrs. Bode in her lifetime. The claim for $25,000 was disallowed by the circuit court. It came on for hearing at this term before this court, and the judg-

ment of the circuit court has been affirmed. It thus appears that of the three appellants, only *Alfred von Cotzhausen* could have any interest in the motions to set aside the sale and the order for distribution to stockholders.

His interest, if any, must be based on his rights as a stockholder in the Lithographing Company. No argument has been made in his behalf, and no brief has been filed by him except one consisting of a page stating his claims. It is stated in this brief, however, that he adopts the brief of the executrix of the Bode estate, in which his right as a stockholder to object to the orders appealed from is incidentally discussed. It is claimed by him that since the Edwards Company was not licensed to do business in Wisconsin at the time of the referee's sale and when the deed and bill of sale to it were executed and delivered, the whole transaction was utterly void, and that when the motions were made by him there was no alternative but to grant them.

On the other hand, it is claimed by counsel for respondents that the real party to the contract with the unlicensed corporation was the court; that the title to the property was in fact in the court and that the sale was made by the court; that therefore the court had the power to affirm the contract under the statute; that this was done by the order confirming the sale and requiring the Edwards Company to pay the purchase price into court; that this election of the court was in effect continued for six months after the Edwards Company was licensed, before the motion was made, by reason of the conduct and orders paying out the purchase money. It is also urged that the court exercised a proper discretion in denying the motions. Other claims are made by counsel for both parties in the discussion of secs. 1770*b* and 1770*d*, Stats., forbidding contracts by foreign corporations before obtaining a license. Many cases are cited by the respective counsel bearing upon the effect of this statute under various conditions. But none is cited

which throws very much light upon the duty which confronted the trial judge in the very complicated situation which was presented to him.

As appears from the decision of this court in *Goodwin v. von Cotzhausen, supra,* the claimant had long dominated the Lithographing Company and it could "no longer be operated under his domination and control except to its own ruin and the loss by the stockholders of their entire investment." In this situation the winding-up proceeding was brought and final judgment in favor of the company and against *von Cotzhausen* for $120,000 was rendered.

By reason of his mismanagement and reckless conduct a receiver was appointed and it became necessary to sell the assets of the company. By proper proceedings the order of sale was made. At the time of the sale the president of the Edwards Company stated that it was an Illinois corporation. At that time the record shows there was much discussion as to the mode of sale and some objections were made by the appellant through his attorney, but there was no objection on the ground now relied on.

The Edwards Company was the highest bidder, its bid being $215,000, and the referee was then paid $50,000, and on the confirmation of the sale a few days afterward the balance was paid and possession of the property was taken. Appellant made objection to the confirmation of sale, but no objection on the ground that the Edwards Company had not been licensed, and no such objection was made until over five months after the deed and bill of sale were delivered. Meanwhile the Edwards Company had been carrying on the business thus taken over, and the consideration which had been paid was in the custody of the court. By the order of confirmation dated September 28, 1920, and other orders, it was directed that the receiver pay to creditors and others large sums of money, and the orders were complied with. No motion to set aside the sale was made until March 18, 1921, after these large sums had been paid by the receiver.

When this motion was made it was denied by the court and the referee was reinstated and reappointed by the court for the purpose of delivering to the Edwards Company a new deed and bill of sale, and this order was complied with.

Before any motion had been made by any of the parties to set aside the sale there had been a motion for distribution of the funds in the hands of the receiver to stockholders, and the order for such distribution was executed June 13, 1921. Although *von Cotzhausen* appealed from this order, the record shows no objection or exception to it on his part. The order of distribution made due provision for applying the share of *von Cotzhausen* as stockholder upon judgments against him.

Obviously if the first order appealed from was properly made, there is no merit in the appeal from the order of distribution. Whatever may have been the rights of the Edwards Company after making its bid, the receiver was entitled to enforce it. The company paid to the receiver, as was ordered, the full consideration in cash. When the orders appealed from were made, it was obviously impossible for the receiver to restore to the Edwards Company the large sums which had been paid. The appellant seeks in an equitable proceeding to upset a long series of important transactions with no offer of any restitution to the Edwards Company of the large sum which it had paid over pursuant to the order of the court and in perfect good faith.

Although there has been much discussion in the briefs of authorities and the law relating to rights and remedies growing out of transactions with unlicensed foreign corporations, we find none which would go so far as to hold that it was the imperative duty of the court to set aside the sale in question.

The appellant claims that he acted with promptness when he discovered that the Edwards Company had not complied with the statute. In view of the consequences which would have resulted if the motion to set aside the sale had been

granted, the trial court had the right to consider somewhat the conduct of the appellant towards the company to which he had brought disaster. If in the winding-up proceedings which his conduct had brought about he desired to stand at all times on his strict legal rights, it was but fair to others that he should be vigilant in their assertion.

Without entering into discussion of the statute invoked and the decisions relating to it, we are convinced that the trial court under the extraordinary circumstances of the case did not err in overruling appellants' motions.

*By the Court.*—Orders affirmed.

ESCHWEILER and CROWNHART, JJ., took no part.